UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| COLBY SHANDS | CIVIL ACTION NO. 20-cv-0087 |
| VERSUS | CHIEF JUDGE HICKS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Colby Shands ("Plaintiff") filed this civil action in state court for damages arising out of an auto accident. Plaintiff named as defendants Mark Ross; State Farm Mutual Automobile Insurance Co., Ross' insurer; Pattridge Post Tension, Inc. ("PPT"), Plaintiff's employer; and Employers Mutual Casualty Co., PPT's insurer.

**Citizenship of the Parties**

State Farm and Ross removed the case to federal court based on an assertion of diversity jurisdiction, which puts the burden on the removing defendants to set forth specific allegations that show complete diversity of citizenship of the parties and an amount controversy over $75,000.

The notice of removal alleges that Plaintiff is a citizen of the State of Louisiana. The petition filed in state court indicates that Plaintiff is domiciled in Louisiana. These allegations are sufficient to allege Plaintiff's Louisiana citizenship

The notice of removal alleges that defendant Ross "was a resident of Hope, Arkansas" at the time of the accident at issue. It is domicile rather than mere residency

that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'"  Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984).  Accordingly, the removing defendants will need to file an amended notice of removal that alleges Ross' domicile/citizenship.

The notice of removal alleges that State Farm is "an Illinois insurance company formed under the laws of the State of Illinois" with its principal place of business in Illinois.  A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The citizenship of an unincorporated association is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).  The removing defendants appear to be alleging that State Farm is a corporation, but the use of the term "company" in the notice of removal leaves the possibility that it is not a corporation but a form of association that may be subject to different rules for the determination of citizenship.  The amended notice of removal should state whether State Farm is a corporation or other form of entity and allege its citizenship according to the rules set forth above.

The notice of removal alleges that Employers Mutual "was formed and incorporated and has its principle place of business outside of Louisiana."  The notice implies that Employers Mutual is a corporation, but it does not make specific allegations regarding the states in which it is a citizen.  To establish diversity jurisdiction, a complaint or notice of

removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). The amended notice of removal must allege the citizenship of Employers Mutual in accordance with those rules.

The only reference to the amount in controversy in the notice of removal is paragraph 13, which alleges that "Plaintiff's response to Defendants Request for Admission shows that he believes his damages will exceed the federal threshold." However, the relevant response to the request for admission was not attached to the notice of removal. The amended notice of removal should (1) include a copy of the request for admission and Plaintiff's response or (2) quote the language used in the request for admission and Plaintiff's response.

The deadline for filing an amended notice of removal is **February 7, 2020**.

**Improper Joinder Issue**

The notice of removal acknowledged that Plaintiff and defendant PPT appear to both be Louisiana citizens, which would destroy diversity, but the notice of removal asserted that the citizenship of PPT should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). Plaintiff has not challenged the improper joinder plea, but the court is obligated to

determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that PPT was improperly joined, he must file a **motion to remand**, supported by a memorandum, by **February 21, 2020** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against PPT. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the removing defendants can respond and attempt to meet their burden on the improper joinder issue. If Plaintiff does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, PPT will be dismissed without prejudice, and the case will proceed toward a scheduling order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of January, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge